UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHERYL K. GUNDERSON,<br><br>        Plaintiff,<br><br>    v.<br><br>ALASKA AIRLINES, INC., a foreign corporation; and the PORT of SEATTLE, a political subdivision of the State of Washington,<br><br>        Defendant. | CASE NO. C06-1340MJP<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS VOLUNTARILY WITHOUT COSTS |

This matter comes before the Court on Plaintiff's motion to dismiss voluntarily her employment claims against Alaska Airlines, Inc. ("Alaska"), and the Port of Seattle ("Port"). (Dkt. No. 30.) The Court, having considered Plaintiff's motion, Defendants' responses, (Dkt. Nos. 38 & 40) and Plaintiff's replies, (Dkt. Nos. 43 & 45) GRANTS Plaintiff's motion to dismiss voluntarily without costs. The Court also TERMINATES Defendants' summary judgment motions (Dkt Nos. 32 & 34).

**BACKGROUND**

On September 14, 2006, Gunderson commenced this action against Defendants alleging violations under Title 1 of the Americans with Disabilities Act ("ADA") for refusing to accommodate her Post Traumatic Stress Disorder. Defendants answered, and the parties made initial disclosures, but the parties took no other action.

ORDER - 1

On May 8, 2007, the Court granted a motion to withdraw by Gunderson's attorney. Over the next two months, Gunderson requested two continuances because the previous scheduling orders were inhibiting her from securing counsel. On July 18, 2007, Gunderson's current counsel appeared. No further actions were taken until September 27, 2007, when the Port filed a motion for summary judgment.

On October 2, 2007, Gunderson's counsel notified Alaska of her intent to seek voluntary dismissal, and requested a stipulation. Alaska does not dispute this notification. Alaska denied the stipulation and filed its own motion for summary judgment later that same day. The next day, on October 3, 2007, Gunderson filed this motion to dismiss.

Gunderson wishes to dismiss this case so that she may bring an action in state court under the Washington Law Against Discrimination ("WLAD"), RCW 49.60 et al., instead of the ADA. Defendants object. They argue that they would suffer prejudice if the Court granted the motion because of the change in venue, change in the applicable law, and costs they have incurred defending this federal claim.

**Discussion**

**I. Rule 41(a)(2) Motion for Voluntary Dismissal**

Fed. R. Civ. P. 41(a)(2) provides that after an answer to a complaint has been filed:

> [A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.[1] Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

---

[1] The only "counterclaim" that has been asserted is for Alaska's attorneys' fees under 42 U.S.C. § 12205 if they prevail on Plaintiff's claims under the ADA. Defendants have not argued that this asserted "counterclaim" presents a barrier to voluntary dismissal of all claims against them.

ORDER - 2

Under Ninth Circuit law, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001). The court in Smith noted:

> We have previously held that "legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." In so holding, we also explained that "[u]ncertainty because a dispute remains unresolved" or because "the threat of future litigation . . . causes uncertainty" does not result in plain legal prejudice. Also plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal.

Id. (internal citations omitted). Furthermore, "[t]he expense incurred in defending against a lawsuit does not amount to legal prejudice." Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996) (internal citation omitted).

Courts outside the Ninth Circuit have listed a number of factors which affect whether voluntary dismissal should be permitted: (1) defendant's efforts and expense in preparing for trial; (2) plaintiff's diligence in prosecuting the action; (3) plaintiff's explanation of the need to dismiss; and (4) the status of the litigation (e.g., whether summary judgment motions have been filed, the immediacy of trial, etc.) See, e.g., Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358-359 (10th Cir. 1996). These factors "need not all be resolved in favor of the moving party for dismissal to be appropriate; likewise, they need not all be resolved in favor of the party opposing the motion to dismiss." Id. at 358. In addition, "they are not exclusive; rather, they are guides for the district court." Id.

On balance, these factors weigh in favor of permitting Gunderson to dismiss all claims against Defendants. First, there had been little activity on either side in this matter at the time Gunderson filed this motion. Although Alaska and the Port had filed motions for summary judgment, the motions were filed only days before the motion to dismiss. No responses or replies had been made, and Alaska chose to file its motion fully aware of Gunderson's intent to withdraw. Moreover, much of the effort that went into the summary judgment motions will be useful in the state action.

ORDER - 3

Second, neither party has been particularly diligent in this matter. As the record indicates, it was more than a year after the filing of this claim before either defendant submitted a motion on the merits. Moreover, Gunderson has changed counsel, and while handling this case pro se she was diligent enough to move to continue the case schedule in order to secure new counsel.

Third, Gunderson argues that she needs to dismiss this action to bring a claim under the WLAD's more protective provisions. Defendants argue that, in fact, differences between the WLAD and the ADA are minimal. This argument works against Defendants, in that, if true, any work they have put into the defense of the federal claim will directly translate into their defense of the State claim. It is also legally incorrect. In the Ninth Circuit "[i]t is well established that under Washington law employers have an "affirmative obligation" to reasonably accommodate handicapped employees." Downey v. Crowley Marine Services, Inc., 236 F.3d 1019, 1022 (9th Cir. 2001).

> [T]he Washington Law Against Discrimination differs significantly from the ADA . . . with regard to the trigger for an employer's duty to accommodate. . . . Washington law imposes a heightened duty on employers in that simple notice of an employee's disability is sufficient to trigger an employer's responsibility to accommodate.

Id. at 123 n. 6. There is a distinct advantage to bringing accommodation claims under the WLAD. In addition, Alaska offers no support for its argument that Gunderson's need to dismiss is somehow mitigated by the Court's power to exercise supplemental jurisdiction.

Finally, Defendants argue that because they have filed summary judgment motions Gunderson should not be allowed to avoid a decision on the merits through voluntary dismissal. This argument presumes a favorable outcome. Moreover, the cases cited are not binding precedent, and are distinguishable. See Phillips, 77 F.3d at 358; Pace v. S. Express Co., 409 F.2d 331 (7th Cir. 1969); Maguire v. Marquette Univ., 814 F.2d 1213 (7th Cir. 1987). In Phillips, the summary judgment motions had been fully briefed and pending for four months before Plaintiff brought a voluntary motion to dismiss. 77 F.3d at 358. Pace involved a plaintiff who filed a motion to dismiss in lieu of responding to a summary judgment motion as an attempt to deprive the defendant of a ruling. 409 F.2d at 334. Here, Gunderson has fully briefed the merits of both summary judgments while

maintaining her motion to dismiss. Finally, in <u>Maguire</u>, the motion to dismiss was made nearly two years after the commencement of the action, there had been extensive discovery, and the summary judgment motion had been fully briefed prior to the filing of Plaintiff's motion to dismiss. 814 F.2d at 1216 n. 1. Here, none of those factors are present.

Alaska makes an additional claim in its response brief that loss of a federal forum constitutes legal prejudice to a defendant. This statement is not supported by the law. <u>See</u> <u>Westlands</u>, 100 F.3d at 97 (loss of federal forum can be a factor in determining legal prejudice); <u>Smith</u>, 263 F.3d at 976 (loss of federal forum was not legal prejudice).

**II. Conditions Upon Voluntary Dismissal**

The Ninth Circuit has observed:

> Although costs and attorney fees are often imposed upon a plaintiff who is granted a voluntary dismissal under Fed. R. Civ. P. 41(a)(2), no circuit court has held that payment of the defendant's costs and attorney fees is a prerequisite to an order granting voluntary dismissal. Moreover, several courts have specifically held that such payment is not required.

<u>Stevedoring Services of Am. v. Armilla Int'l B.V.</u>, 889 F.2d 919, 921 (9th Cir. 1989). If fees are imposed "a defendant is entitled only to recover, as a condition of dismissal . . . , attorneys fees or costs for work which is not useful in continuing litigation between the parties." <u>Koch v. Hankins</u>, 8 F.3d 650, 652 (9th Cir. 1993). One commentator has also noted that "[t]he defendant should be awarded the costs incurred in opposing the plaintiff's motion for a voluntary dismissal." 8 James Wm. Moore, <u>Moore's Federal Practice</u> § 41.40[10][d][iv] (3rd ed.2006).

Nevertheless, Gunderson's claim is a civil rights action under the ADA. The Ninth Circuit has acknowledged that attorney's fees should be granted to a defendant in a civil rights action only "upon a finding that plaintiff's action was frivolous, unreasonable, or without foundation." <u>Summers v. A. Teichert & Son, Inc.</u>, 127 F.3d 1150, 1154 (9th Cir.1997) (citing <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412 (1978)). There is no evidence to support such a finding in this case. Although the applicability of this standard to a Rule 41(a)(2) motion to dismiss has never been resolved by the Ninth Circuit, the conflict has been noted. <u>See Lau v. Glendora Unified Sch. Dist.</u>, 792 F.2d 929, 931-

ORDER - 5

932 (9th Cir. 1986) (Reinhardt, J., concurring) (directing the district court to decide whether the Rule 41(a)(2) standard or the civil rights standard is appropriate).  Here, the Court does not have to decide which standard applies because several factors weigh against the imposition of fees and costs.  Because most of the work completed by Defendants will be relevant to the state court action, the federal claim was not prosecuted in bad faith, and because this is a civil rights action, attorney fees and costs are not appropriate.

## Conclusion

On balance, the facts support permitting Plaintiff to dismiss this claim voluntarily, and the motion is GRANTED.  Furthermore, because most of the work completed by Defendants will be relevant to the state court action, the federal claim was not prosecuted in bad faith, and because this is a civil rights action, attorney fees and costs are not appropriate.

DATED:  November 29, 2007.

s/ Marsh J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 6